**In the Matter of BIRON, INC., Debtor.**

**Bankruptcy No. 1–82–00853.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Sept. 28, 1982.

Steve Williams, Cincinnati, Ohio, for debtor.

Donald H. Loudon, Kansas City, Kan., Joseph H. Vahlsing, Cincinnati, Ohio, for Mainline USA, Inc.

### DECISION

BURTON PERLMAN, Bankruptcy Judge.

This is a Chapter 11 case filed by Biron, Inc. Biron is an Ohio corporation having its principal place of business in this jurisdiction. On April 30, 1982 Biron filed an application for an order rejecting an executory contract and requiring the cancellation of certain assignments and transfer orders or in the alternative, for an order declaring a certain purchase agreement to be null and void and requiring the termination of certain assignments and transfer orders. The other party involved in these several matters is Mainline USA, Inc.

The parties do not dispute that the following are the essential facts. On December 4, 1981 Biron and Mainline entered into a purchase agreement (Agreement). Under the Agreement, Biron contracted to sell to Mainline certain oil and gas leasehold interests in Chautaugua County, Kansas. At the time of contracting both parties knew that Biron did not then own all of the interests that it was contracting to sell. Article I of the Agreement provides in part that:

> Biron shall sell its interest to Mainline for $843,000 after title opinions have been rendered by Biron's attorneys indicating that Biron has marketable title to the leasehold interests that Mainline is to purchase.. For the purpose of this agreement, marketable title shall exist if and only if marketable title is established for all leasehold interests to be transferred.

Biron has not and concedes that it will not be able to acquire the required percentage of working interests, and thus, is unable to furnish marketable title which would justify the agreed upon contract price. Moreover, Biron knew that it would not be able to secure all of the requisite interests soon after the date of contracting, December 4,

1981, and well before December 31, 1981. Certain investor interests simply could not be purchased.

Nevertheless, on December 31, 1981 Biron began executing oil and gas leasehold assignments and transfer orders in favor of Mainline, transferring all of the leasehold interests which it did own to Mainline. On January 1, 1982 Mainline entered into possession of these leaseholds. Since that time Mainline has operated and maintained the leaseholds in question. Mainline has also taken control and possession of certain equipment located at the various lease sites. Mainline has been receiving the income from the working interests.

Biron now wishes to regain possession of the several leaseholds into which it permitted Mainline to enter. In approaching a decision as to whether or not Biron is entitled to the relief it seeks, we note that the Agreement between Biron and Mainline contains absolutely no provision regarding the intention of the parties in the event that performance of the contract by Biron was not possible.

To justify the position it now advances, Biron argues essentially that the Agreement is an executory contract which it rejects. As an alternative basis for its right to regain possession, Biron argues that the Agreement is null and void because there never was a meeting of the minds on essential terms: (a) there was no agreement as to what would happen if Biron could not obtain all leaseholds necessary to justify the contract payment, (b) the terms of the drilling agreement are not set forth, and (c) obtaining of all leaseholds listed in the Agreement was a condition precedent to performance of the Agreement, and in the absence of performance of the condition precedent, the parties should be restored to the *status quo ante.*

Mainline wishes to retain possession of the leaseholds obtained from Biron and to justify this outcome argues that the Court should reform the Agreement and fix a purchase price for what it has acquired on the theory that there was a mutual mistake of fact, both parties believing that Biron could acquire all the leaseholds in the Agreement when this turned out not to be so. In the alternative, Mainline contends that it is entitled to remain in possession of the leaseholds to which it has been admitted to possession because of the provision of 11 U.S.C. § 365(i).

The central argument advanced by Biron in support of the outcome it seeks is that the Agreement is an executory contract, and since the contract is executory, it can be rejected pursuant to 11 U.S.C. § 365, and Mainline required to reconvey those leasehold interests it obtained from Biron. We reject this conclusion as insupportable in view of the evidence. The contract between the parties is not executory.

While it is true that the Agreement contained a provision that Biron convey personal property on the oil and gas leases, as well as a provision that a separate agreement regarding drilling by Biron on the leaseholds be entered into, it is clear that what this contract was all about was the conveyance of certain oil and gas leasehold interests enumerated therein. That is all that the "Whereas" clauses are about, the first listing such interests, and the second expressing the desire of Mainline to acquire them.

So far then, as the execution of the central purpose of the Agreement by Biron is concerned, it is all concluded. Biron has conveyed all of the leasehold interests that it can or ever will be able to convey. There is no possibility of further performance by Biron under the Agreement. Under those circumstances, the Agreement cannot be said to be executory. However one defines "executory contract", See 17 Am.Jur.2d, *Contracts,* sec. 6, p. 341, and Countryman, *Executory Contracts in Bankruptcy,* Part I, 57 Minn.L.Rev. 439, 460 (1973), some possibility of future performance is its essence, and when there is not such possibility, the contract is not executory. A party cannot, as Biron here attempts to do, bootstrap itself into a right to reject an executory contract by pointing out that it has not fully performed the terms of a written contract, when it admits that it never will be able to perform those terms.

We thus conclude that the contract of December 4, 1981 between the parties is not executory, and therefore not within the sweep of 11 U.S.C. § 365. Moreover, the alternative argument advanced by Biron in support of its position, that the Agreement is null and void because there never was a meeting of the minds on essential terms is without merit. There is no reason for us to believe that the parties did not say exactly what they meant. There was indeed a meeting of the minds in respect to what Biron was to convey in order to justify payment of the purchase price by Mainline. Further, our conclusion makes it unnecessary for us to consider the position of Mainline that the Agreement should be reformed because there was a mutual mistake of fact, and as part of the reformation, the Court should fix a purchase price. Nothing in this record suggests that at the time of contracting the parties were mistaken as to any belief that the contract could be performed.

Debtor's application for an order rejecting an executory contract and requiring the cancellation of certain assignments and transfer orders, or in the alternative, for an order declaring a certain purchase agreement to be null and void and requiring the termination of certain assignments and transfer orders will be overruled.